IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MICHAEL AND AUDREY THERESA ALLRED, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation, and JOHN DOES 1-20,<br><br>Defendants. | CV-25-64-BU-JTJ<br><br>ORDER |

## I. INTRODUCTION

On May 7, 2026, Plaintiffs Michael and Audrey Theresa Allred (Allreds) filed a Second Amended Complaint (Doc. 15) against The Travelers Indemnity Company of Connecticut (Travelers) alleging claims for Count I: Negligence; Count II: Negligent Misrepresentation; Count III: Unfair Discrimination; Count IV: Unfair Trade Practice; Count V: Consumer Protection Act Violation; and Count VI: Negligence per se. (Doc. 15). Travelers has filed a Motion for Summary Judgment and briefs in support, contending Allreds' claims are barred by the applicable statute of limitations or alternatively fail as a matter of law. (Docs. 26, 27 and 41). Allreds partially oppose the motion (Doc. 36).

Allreds concede that Counts III (Unfair Discrimination) and Count V (Consumer Protection Act Violation) are not supportable claims. (Id., p. 11), but argue the remaining claims (Counts 1, II, IV and VI) should survive summary judgment. Travelers has also filed a Motion to Preclude Plaintiffs' Expert Testimony and briefs in support. (Docs. 30, 31 and 40). Allreds oppose this motion. (Doc. 35). The Court conducted a hearing on these motions on September 8, 2026.

## II. BACKGROUND

Allreds claims are based on their contention that Travelers failed to provide an insurance policy for their vacation rental home in West Yellowstone with sufficient coverage for their Dwelling, Other Structures, Personal Property, and Loss of Use. (Doc. 15, p. 3,¶ 12). Allreds obtained property insurance for their West Yellowstone vacation rental home from Travelers after working through an independent insurance agency, Four A's Insurance d//b/a Bissell Insurance Agency (Bissell). Allreds retained Bissell to obtain insurance coverage quotes from various insurance companies. (Doc. 27, p. 8). Allreds provided Bissel with information about the vacation rental home, including year of construction, square footage, etc., which Bissell submitted to insurance carriers to determine the amount of "Dwelling coverage" the insurers would offer to rebuild in case of a fire or other loss. (Doc. 4-22, p. 2). Travelers was one of several insurance companies who provided a quote to Bissell. (Id., p. 3). Allreds selected and purchased a policy from Travelers. (Doc. 27, p. 8).

On February 13, 2021, a fire destroyed Allreds' vacation rental home. (Doc. 22, ¶

6). Travelers paid all available benefits under the policy, which totaled $966,500.95. (Doc. 27, p. 8). ). On March 22, 2021, Michael Allred emailed Bissell and advised he believed the coverage limits were inadequate and requested an explanation of how dwelling limits were determined. (Doc. 29-2, p. 33; SUF, Doc. 28, ¶ 29). Bissell responded through e-mails dated March 24, 2021, and March 30, 2021, advising Michael Allred that Bissell obtained the replacement cost value from Travelers' quoting system. (Id.).

Based upon Allreds contention that the policy limits were insufficient to cover its replacement costs, Allreds filed a lawsuit on August 23, 2023, against Bissell and Arthur P. Hoffart, a Montana Insurance Producer, alleging claims for professional negligence, negligent misrepresentation and negligence. (Doc. 5). Allreds filed a First Amended Complaint on November 23, 2023, against the same Defendants alleging the same claims. (Doc. 9).

On February 19, 2025, Allreds moved to file a Second Amended Complaint requesting to add Travelers as a party and indicated it intended to contemporaneously dismiss Bissell. (Doc. 4-25). On February 24, 2025, Allreds moved to dismiss Bissell indicating the parties had reached a settlement. (Doc. 4-27). On March 31, the Court granted Allreds' Motion for Leave to file Second Amended Complaint. (Doc. 13). Allreds filed the current action (Second Amended Complaint) against Traveler's on May 7, 2025. (Doc. 15).

Travelers contends that Allreds' Negligence, Negligent Misrepresentation and Negligence per se claims are barred by the three year statute of limitations and its Unfair

Trade Practice claim is barred by a two year statute of limitations. (Doc. 27 and 41). Alternatively, Travelers contends that it did not owe Allreds a duty prior to Allreds selection of their Policy. (Id. ). Therefore, any acts, omissions or representations by Bissell prior to that time cannot be attributed to Travelers because no principal/agent relationship existed. (Id.).

## III. LEGAL STANDARDS

Fed. R. Civ. P. 56 (a) provides a party is entitled to summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 252 (1986). Once the moving party meets its initial burden, the nonmoving party may not rest upon the mere allegations or denials of his pleading but instead must set forth "specific facts showing that there is a genuine issue for trial." *Celotex Corp*., 477 U.S. at 324 (citation omitted). The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

Mont. Code Ann. § 27-2-102 (1)(a) provides that "a claim or cause of action accrues

when all elements of the claim or cause of action exist or have occurred, the right to maintain an action on the claim or cause is complete, ant the court or other agency is authorized to accept jurisdiction of the action." Lack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation. Mont. Code Ann. § 27-2-102(2).

## IV. DISCUSSION

### A. Allreds' claims are time barred

Travelers contends that Allreds claims are each barred by the applicable statute of limitations. (Docs. 27 and 41). Travelers contends that Allreds negligence, negligent misrepresentation, and negligent per se claims are subject to a three-year statute of limitations. (Doc. 26, pp. 19-22, citing Mont. Code. Ann. § 27-2-204(1)). Allreds' negligence claim centers on its contention that Travelers owed a duty to provide a dwelling coverage limit of liability for the full replacement cost of the dwelling, which Travelers breached by offering a maximum dwelling coverage of $510,000.00. (Doc. 27, pp. 19-20). Travelers contends that because all the essential elements of Allreds' negligence claim – duty, breach, causation and damages - accrued and were known to Allreds by the latest March 22, 2021, when Allreds claimed the Policy limits were inadequate to cover their loss, the three year statute of limitations bars such claim. (Id., p. 20). Travelers contends the same is true of Allreds' negligent misrepresentation claim. (Id., pp. 21-22). Allreds' contention that they were justified in relying upon a materially untrue representation by Travelers that caused them damage – i.e. Travelers' misrepresentation of the manner in

which dwelling coverage limits of liability were calculated – was known in November of 2020, when the Policy was issued and at the latest March 22, 2021, thereby barring Allred's claim. (Id.). Travelers further argues that the statute of limitations for Allreds Montana Unfair Trade Practices Act claim for violations of Mont. Code Ann. Ann. § 30-14-205(1) and (2) are barred by the two-year statute of limitations set forth in § 27-2-211(1)(c). (Id. pp. 23-24). Travelers argues Allreds knew how Travelers dwelling coverage limit was established; the limit was communicated to them prior to their decision to purchase the Policy; and they were aware that Travelers would not insure the property with a greater dwelling unit. (Id., p. 24).

Allreds contend that their claims relate back to the First Amended Complaint and are therefore not barred pursuant to Fed. R. Civ. P. 15(c). (Doc. 36, pp. 5-11). Fed. R. Civ. P. 15(c) (1) provides that "[a]n amendment to a pleading relates back to the date of the original proceeding when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out-in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Fed. R. Civ. P. 4(m) provides for a 90 day period to serve a summons and complaint. Mont. R. Civ. P. 15(c) contains identical language to Fed. R. Civ. P. 15(c), except that it references Mont. R. Civ. P. 4(t) for the period for service of summons and complaint. Mont. R. Civ. P. 4(t) allows for a 3 year period to serve a complaint. The Ninth Circuit has determined that when state law supplies the statute of limitations, the court considers both federal and state relation-back rules and uses the more permissive one. *Butler v. National Community Renaissance of California*, 766 F.3d 1191, 1200. (9th Cir. 2014). Allreds argue that Montana's Rule 15(c), which allows for a three year period for service of the complaint is more permissive than the Federal Rule 15(c), which only provides a 90 day period for service of the complaint. (Doc. 36, p. 9). Therefore, Allreds argue they did not need to provide notice to Travelers of the lawsuit until November 30, 2026. (Id.). Given that Travelers had notice of the current lawsuit within three years after the First Amended Complaint, Allreds contend they have met their burden to provide notice of the action within the proper notice period. (Id.).

However, Allreds must still satisfy the other requirements of Mont. R. Civ. P. 15(c)(1)(C)(ii), which requires that Allreds prove Travelers knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. The party asserting relation back under Rule 15(c) must establish that the originally omitted party knew or should have known that the lawsuit would have been brought against it but for the asserting party's mistake. *Butler*, 766 F.3d at 1203.

Allreds argues that because of the principal-agent relationship between Bissell and

Travelers, Travelers as the principal of its agent Bissell was responsible to Allreds for Bissell's negligence. (Doc. 36, p. 11, citing Mont. Code Ann. § 28-10-602(1)). Accordingly, Allreds contend that "Travelers was aware it was the principal who sold the insurance to Allreds, and, therefore, had reason to know it would be sued but for Allreds' misunderstanding about how Traveler's Replacement Cost Estimator worked." (Id).

Travelers contends that Allreds change in legal theories from the First Amended Complaint to the Second Amended Complaint do not show that Traveler's should have known that violations of the Montana Unfair Trade Practice Act or negligence per se claims would have been brought against Travelers but for a mistake as to identity. (Doc. 41, p. 6). Also, Allreds original negligence theories against Bissell for breaches of alleged duties to procure, recommend and advise does not suggest that Allreds would later bring a negligence claim based on an entirely different duty against Travelers. (Id., pp. 6-7). Allreds changing legal theories and naming a new defendant whose identity they knew from the inception do not fall within the relation back doctrine. (Id., p. 7).

The Court agrees with Travelers. The Court further determines that even accepting Allreds argument that Travelers should have known that the Allreds' would bring this action against them, Allreds fail to address the other substantive requirement of Mont. R. Civ. P. 15(c)(1)(C) (ii), requiring Allreds to show a mistake concerning the proper party's identity. If there was no mistake in identity, but rather a conscious choice of whom to sue, Rule 15(c) does not apply. *Louisiana-Pacific Corp. v. ASARCO*, 5 F.3d 431, 435 (9th Cir. 1993). Rule 15(c) addresses mistakes in identity, not tactical decisions or newly developed

legal theories. Allreds knew who issued the policy, what and how the limits were calculated and who paid their claim. Specifically, Allreds knew Traveler's dwelling coverage limit was provided based upon Travelers Replacement Cost Estimator tool.

Despite these facts Allreds contended during oral argument that *Krupski v. Cost Crociere S.p.A*., 560 U.S. 538 (2010), supports their position that there was a mistake in the identity of the proper party. In *Krupski*, the plaintiff filed a lawsuit against Costa Cruise Lines after she suffered injuries on a cruise ship. *Id.*, at 543. The lawsuit was filed three weeks before the one year statute of limitations period expired and was filed after settlement negotiations with Costa Cruise Lines were unsuccessful. *Id*.. Over the next several months, Costa Cruise brought Costa Crociere's existence to Krupski in its answer, in its corporate disclosure statement, and in its motion for summary judgment, advising Krupski that Costa Crociere was the actual carrier and vessel operator and Costa Cruise was merely the North American sales and marketing agent for Costa Crociere *Id*. Krupski was allowed to amend her complaint. *Id.* at 544.

Costa Crociere moved to dismiss Krupski's amended complaint arguing it did not relate back under Rule 15(c) and was therefore untimely. *Id*. at 544-545. The district court agreed and the Eleventh Circuit affirmed. *Id*., at 545-546. The *Krupski* Court reversed finding that the inquiry under Rule 15(c)(1)(C)(ii) is what the prospective defendant knew or should have known during the Rule 4(m) period but for an error. *Id*. at 548. The Court explained that a plaintiff's knowledge of a party's existence does not preclude her from making a mistake with respect to the party's identity. *Id*.at 549. The Court stated that a

"plaintiff may know that a defendant exists but nonetheless harbor a misunderstanding about the status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." *Id.*. At the same time, the Court noted that "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Id.*.

The facts in this case are distinguishable from *Krupski*. Allreds not only knew of the existence of Travelers, but there was no misunderstanding about its identity. Contrary to Allreds claim that they misunderstood Travelers' role in securing their alleged insufficient property insurance coverage, the record demonstrates that Allreds knew in March of 2021, through their e-mail correspondence with Bissell, that the replacement cost value for their policy came directly from Travelers' quoting system. Allreds made a deliberate choice to sue Bissell instead of Travelers while fully understanding the status and role of each of them regarding their claims related to their vacation home's alleged insufficient coverage limits.

The Court finds that Allreds' have failed to meet their burden to establish that Travelers knew or should have known that the Second Amended Complaint would have been brought against it but for Allreds mistake concerning Travelers' identity. *Butler*, 766 F.3d at 1203.. Therefore, Allreds' claims against Travelers in their Second Amended Complaint do not relate back to its First Amended Complaint. Accordingly Allreds' Negligence; Negligent Misrepresentation; Unfair Trade Practice; and Negligence per se

claims (Counts I, II, IV and VI) are barred by the applicable statute of limitations. Allreds' additional claims for Unfair Discrimination and Consumer Protection Act Violation (Count II and V) are dismissed based upon Allreds' concession that these claims cannot be sustained.[1] Dismissal of Allreds' claims renders Traveler's Motion to Preclude Plaintiffs' Expert Testimony moot.

**IV. CONCLUSION**

Travelers' Motion for Summary Judgment (Doc. 26) is GRANTED

Travelers' Motion to Preclude Plaintiffs' Expert Testimony (Doc. 30) is DENIED as moot. The Clerk of Court's Office is directed to close the case.

DATED this 1st day of October 2026.

John Johnston
United States Magistrate Judge

[1] Given the Court's determination that the statute of limitations bars Allreds' claims, the Court need not address Travelers' alternative theory that because the principal /agent relationship between it and Bissell did not exist prior to Allreds' selection of Travelers' policy, Travelers owed no duty to Allreds for any acts, omissions or representations by Bissell prior to that time.